UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:                                              CHAPTER 7
                                                   CASE NO. **09-14182**

**STEPHEN J CARDILE,**
                               Debtor(s).

## MOTION DIRECTING TURNOVER/PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY CODE § 521(A)(3)&(4)

The Chapter 7 Trustee, Philip J. Danaher, Esq., respectfully represents the following in support of his Motion Directing Turnover/Production of Documents Pursuant to Bankruptcy Code § 521(a)(3)&(4) (the "Motion"):

1.     STEPHEN J CARDILE [the "Debtor(s)"] filed a voluntary petition for relief pursuant to Chapter 13 of the U. S. Bankruptcy Code (the "Code") with the U. S. Bankruptcy Court for the Northern District of New York on 04/15/2009 (the "Petition"). Such original filing was filed as "Stephen J Cardile and Margaret S Cardile" as case no. 09-11311. On 11/06/2009, an Order was entered granting the Debtors' motion to sever the Chapter 13 case, and to convert Mr. Cardile's matter to a proceeding under Chapter 7 of the Code. A new case number was issued for Mr. Cardile's matter, 09-14182.

2.     Stephen J. Cardile appeared for examination at the § 341 Meeting of creditors held on 12/18/2009. In that it appeared that there were no unencumbered or non-exempt assets to be liquidated for the benefit of creditors, the Chapter 7 Trustee filed a Chapter 7 Trustee's Report of No Distribution on 12/23/2009.

3.     On 10/05/2010, the Chapter 7 Trustee received a telephone call from counsel for the Debtor, indicating that there may have been preferential payments made by the Debtor, within the ninety (90) day period prior to the filing of the original Chapter 13 case. The no asset report was withdrawn by the Trustee on 10/06/2010, and the Trustee sent correspondence to Debtor counsel, requesting that he be provided with copies of all bank statements covering the ninety (90) day period prior to the filing, as well as copies of any cancelled checks or other written proof of payment of the alleged preferential payments. A copy of such correspondence is attached hereto for reference.

4.     In that the Trustee did not receive a response to his request for documentation, a phone call was made to counsel for the Debtor, followed up by correspondence, requesting details of the alleged payments to creditors. A copy of such correspondence is attached hereto for reference.

5.     On 10/15/2010, the Trustee received correspondence from Debtor counsel, dated 10/05/2010, wherein counsel indicated that there were possible preference payments made by the Debtors prior to the filing of the joint Chapter 13. It was indicated that the sum of such payments could be as much as $80,000.00. A copy of such correspondence is attached hereto for reference.

6. To date, the Trustee has not received any of the requested documentation. The failure of the Debtor to provide the documentation to the Trustee for review constitutes a delay that is prejudicial to creditors, and frustrates the Trustee in his administration of this matter.

7. With this Motion, the Trustee seeks an Order directing the Debtor to turnover /produce copies of all bank account statements for the ninety (90) day period up to and including the date of filing (from 1/15/2009 through 4/15/2009), as well as copies of any billing statements showing which debts were paid in the alleged repayments, required by the Chapter 7 Trustee to effectively complete the administration of this Bankruptcy Estate.

WHEREFORE, based upon the foregoing, it is respectfully requested that this Court issue an Order directing the debtor(s) to provide Documents requested; and granting such other and further relief as this Court deems just and proper.

DATED: 5/17/11

Philip J. Danaher
Chapter 7 Trustee
252 Broadway
Rensselaer, NY 12144
Telephone (518) 463-4383